UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

October 3, 2024

## LETTER ORDER

Re: *Baymont Franchise Sys., Inc. v. SB Hosp. Palm Springs, LLC et al.*,
Civil Action No. 19-6954 (ES) (MAH)

Dear Parties:

On February 26, 2019, plaintiff Baymont Franchise Systems, Inc. ("Plaintiff") filed a seven-count complaint against defendants SB Hospitality Palm Springs, LLC ("SB Hospitality"), Nam Min Cho ("N. Cho"), and Hanhe Cho ("H. Cho") (collectively, "Defendants"), alleging they breached a franchise agreement involving the operation of a 129-room Baymont® guest-lodging facility in Palm Springs, California. (*See generally* D.E. No. 1). On June 10, 2019, Defendants filed an answer and asserted affirmative defenses and counterclaims against Plaintiff. (D.E. No. 19 ("Answer and Counterclaims")).

Relevant here, on September 12, 2023, Defendants' now-former attorney, Mr. Evan M. Goldman, Esq., moved to withdraw as counsel for Defendants. (D.E. No. 74). On September 14, 2023, the Court denied Mr. Goldman's motion to withdraw as counsel without prejudice for failure to articulate the legal justification for his withdrawal pursuant to New Jersey Rule of Professional Conduct 1.16 and Local Civil Rule 102.1. (D.E. No. 75 at 1–2). On October 6, 2023, Mr. Goldman filed a renewed motion to withdraw as counsel for Defendants, claiming Defendants failed to pay their legal bills, ceased communications with his office, and terminated their attorney-client relationship. (D.E. No. 76-1 at 3–6). On December 14, 2023, following a hearing, the Court granted Mr. Goldman's renewed motion to withdraw as counsel and ordered Defendants to obtain new counsel within sixty (60) days. (D.E. No. 82). In addition, the Court advised SB Hospitality, a corporate defendant, that failure to obtain new counsel within sixty (60) days "may result in the entry of default for failure to appear and defend the action." (*Id.* at 2). The Court further cautioned that if new counsel was not obtained within sixty (60) days, the individual defendants, N. Cho and H. Cho, would appear *pro se*. (*Id.*). On May 31, 2024, the Court held a telephone conference, during which no counsel appeared for SB Hospitality. (*See* D.E. No. 84). Accordingly, on July 25, 2024, Plaintiff filed a motion to strike SB Hospitality's Answer and Counterclaims pursuant to Federal Rule of Civil Procedure 37(b), and moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a) against SB Hospitality in accordance with the Court's December 14, 2023 Order. (D.E. No. 89). To date, SB Hospitality has not responded to Plaintiff's motion.

On September 11, 2024, the Honorable Michael A. Hammer, U.S.M.J., issued a Report and Recommendation that the Undersigned grant Plaintiff's unopposed motion to strike SB

Hospitality's Answer and Counterclaims. (D.E. No. 95 ("R&R") at 9 (citing Fed. R. Civ. P. 37(b))). In addition, Magistrate Judge Hammer recommended entry of default against SB Hospitality in light of, among other reasons, its "fail[ure] to retain counsel, to advise the Court of its intent to do so, to seek additional time to retain counsel, or to communicate with this Court or opposing counsel in any manner." (*Id.* at 5–9 (assessing factors under *Poulis v. State Farm & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984))). The parties had fourteen days to file and serve any objections to Magistrate Judge Hammer's Report and Recommendation pursuant to Local Civil Rule 72.1(c)(2). To date, no party has filed any objections.

"[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes). Here, the Court having independently reviewed the record and Magistrate Judge Hammer's R&R finds no clear error on the face of the record. Thus, having reviewed the parties' submissions and Magistrate Judge Hammer's unopposed R&R, and for the reasons stated therein,

IT IS on this 3rd day of October 2024,

**ORDERED** that this Court **ADOPTS** Magistrate Judge Hammer's Report and Recommendation (D.E. No. 95) in full, as the Opinion of this Court; and it is further

**ORDERED** that Plaintiff's motion to strike SB Hospitality's Answer and Counterclaims (D.E. No. 89) is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall enter default against SB Hospitality pursuant to Federal Rule of Civil Procedure 55(a), and thereafter, Plaintiff may move for default judgment in accordance with this Court's forthcoming instructions; and it is further

**ORDERED** that the Clerk of Court shall **TERMINATE** docket entry numbers 89 and 95; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Letter Order on Defendants by regular U.S. mail.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**